**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | |
|---|---|
| **HE TAI LIU,** | * |
| **Plaintiff,** | * |
| v. | Case No.: GJH-19-840 |
| | * |
| **KIRSTJEN NIELSEN,** *et al.*, | |
| | * |
| **Defendants.** | |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Plaintiff He Tai Liu ("Plaintiff") filed this action against then-Secretary of Homeland Security Kirstjen Nielsen and U.S. Attorney General William Barr ("Defendants") on March 20, 2019, seeking to compel adjudication of two immigration petitions. ECF No. 1 at 4. Specifically, Plaintiff sought an order from the Court directing Defendants to adjudicate his Form I-485 Application to Register Permanent Residence or Adjust Status, filed in early May 2017, and a Form I-730 Refugee/Asylee Relative Petition that he filed on May 3, 2016 to seek asylum status for his spouse, Xiao Ling Li. *Id.* at 4; ECF No. 1-1; ECF No. 1-2.

On July 7, 2019, Defendants filed a Motion to Dismiss for Lack of Jurisdiction under Federal Rule of Civil Procedure 12(b)(1). ECF No. 7. The motion explained that the petitions at issue were adjudicated on June 21, 2019 and that the Complaint should therefore be dismissed as moot. ECF No. 7-1 at 2, 4. Attached exhibits illustrate that Plaintiff and his spouse were summoned to appointments at the United States Citizenship and Immigration Services' Baltimore Field Office on June 17, 2019, ECF No. 7-2, and that their petitions were adjudicated and approved on June 21, 2019, ECF No. 7-3.

1

On December 23, 2019, the Clerk of the Court issued a letter to Plaintiff informing him of Defendants' pending motion to dismiss and providing 28 days to respond. ECF No. 8. That period expired on January 20, 2020 without any response from Plaintiff.

Article III of the U.S. Constitution "gives federal courts jurisdiction only over '[c]ases' and '[c]ontroversies.'" *Carter v. Fleming*, 879 F.3d 132, 136 (4th Cir. 2018) (alterations in original) (quoting U.S. Const. art. III, § 2, cl. 1). "To qualify as a case fit for federal-court adjudication, an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Id.* at 137 (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997)). "When circumstances change" after the suit is filed "so that the . . . court can no longer serve the intended harm-preventing function or has no effective relief to offer, the controversy is no longer live and must be dismissed as moot." *Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 197 (4th Cir. 2002) (quoting *County Motors v. Gen. Motors Corp.*, 278 F.3d 40, 43 (1st Cir. 2002)). "Generally speaking, one such circumstance mooting a claim arises when the claimant receives the relief he or she sought to obtain through the claim." *Id.* (citing *Broughton v. North Carolina*, 717 F.2d 147, 149 (4th Cir. 1983) (per curiam)).

The Court agrees with Defendants that this case is moot. Plaintiff's complaint sought solely to compel adjudication of his pending Form I-485 and Form I-730 and those petitions have now been adjudicated and approved. ECF No. 7-3. Plaintiff has not responded to Defendants' motion indicating any ongoing injury that would sustain subject matter jurisdiction. Accordingly, the Court will dismiss the case as moot.

For the foregoing reasons, it is **ORDERED** by the United States District Court for the District of Maryland that:

1. Defendants' Motion to Dismiss for Lack of Jurisdiction, ECF No. 7, is **GRANTED**;
2. Plaintiff's Complaint, ECF No. 1, is **DISMISSED AS MOOT**; and
3. The Clerk shall close this case.

Date: January 24, 2020

      /s/
GEORGE J. HAZEL
United States District Judge